UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NIKOL SNEZANA GEROU
and KENNETH ROY GEROU,

        Plaintiffs,

  v.

MARINE CREDIT UNION, DARRICK WEEKS,
ED ZAMMARON, SAM KAUFMAN,
TITANIA WHITTEN, MONICA PAZ,
JOHN DOES 1-5 and JANE DOES 1-5,

        Defendants.

Case No. 25-cv-1569-pp

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING MOTION TO WITHDRAW REFERENCE (DKT. NO. 1), DENYING AS UNNECESSARY MOTION TO STRIKE (DKT. NO. 4), DENYING AS MOOT MOTION FOR INJUNCTIVE RELIEF (DKT. NO. 8) AND DISMISSING CASE**

On October 14, 2025, the plaintiffs filed a document titled "Motion to Remove the Reference Under Article III, Section 2, Clause 1." Dkt. No. 1. It asks the court to "withdraw the reference of federal constitutional claims, tax-related questions, equitable demands, and statutory interpretation issues currently or foreseeably related to" the plaintiffs' pending bankruptcy case. Id. at 2. The same day, the court received from the plaintiffs a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. On October 31, 2025, the court received from the plaintiffs four more documents: a document titled "Motion to Strike Improper Filing of Virginia George and To Bar Further Participation as Non-Party," dkt. no. 4, a document titled "Notice Regarding in

1

Forma Pauperis Status," dkt. no. 5, a document titled "Supplemental Notice & Memorandum In Support," dkt. no. 6, and a document titled "Supplemental Response to Objection and Memorandum In Support of Motion to Withdraw The Reference," dkt. no. 7. Finally, on November 25, 2025, the court received from the plaintiffs a document titled "Emergency Temporary Injunctive Relief." Dkt. No. 8.

The court will grant the plaintiffs leave to proceed without prepaying the filing fee but will deny their motion to withdraw the reference because it is improperly filed.

I.  **Background**

Between July 2025 and October 2025, the plaintiffs filed four civil cases in this court, as well as a bankruptcy petition and two related adversary complaints in the bankruptcy court. In re Gerou, *et al.*, Case No. 25-24068 (Bankr. E.D. Wis.) (filed July 17, 2025); Gerou, *et al.* v. George, *et al.*, Case No. 25-cv-1160 (E.D. Wis.) (filed August 5, 2025); Gerou, *et al.* v. George, *et al.*, Adv. No. 25-2114 (Bankr. E.D. Wis.) (filed August 29, 2025; closed Nov. 4, 2025); Gerou v. Nelnet, Adv. No. 25-2115 (Bankr. E.D. Wis.) (filed September 24, 2025); Gerou, *et al.* v. Marine Credit Union, *et al.*, Case No. 25-cv-1569 (E.D. Wis.) (filed October 14, 2025); Gerou, *et al.* v. Kaufman, Case No. 25-cv-1592 (E.D. Wis.) (filed October 16, 2025); Gerou, *et al.* v. Whitten, Case No. 25-cv-1593 (E.D. Wis.) (filed October 16, 2025). All the plaintiffs' civil cases relate to issues in their bankruptcy case.

## II.     Motion for Leave to Proceed Without Prepaying the Filing Fee

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose her financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The caption of the motion for leave to proceed without prepaying the filing fee lists both Nikol and Kenneth Gerou as plaintiffs, but only Nikol lists her employment information and only Nikol signed the motion. See Dkt. No. 2. Nikol avers that she is employed and receives $3,611 in net salary on a bi-weekly basis. Id. at 1. If "bi-weekly" means every other week, Nikol's monthly net income would be approximately $7,222. She avers that Kenneth Gerou is self-employed and is "paid irregularly" depending on the work. Id. She avers that she has $26.00 in cash, savings or checking accounts and owns no property of value. Id. at 2. Nikol lists monthly expenses of $2,700 in mortgage payments, $400 to $500 for utilities, $65 for cell phone service, $115 for internet service, $2,500 for groceries, $500 for "[m]aintenance/[r]epairs," $250 for car insurance and related expenses, $250 for tuition and $500 for medical and dental expenses. Id. That totals about $7,280 to $7,380 in monthly expenses. Nikol avers that the plaintiffs have three children and have a pending bankruptcy case. Id.

3

Based on Nikol's statements, made under penalty of perjury, the court finds that Nikol Gerou does not have the ability to prepay the filing fee. But on October 31, 2025, the court received from the plaintiffs (both of them) a "Notice Regarding in Forma Pauperis Status," stating that "circumstances have since changed, and while the IFP application was accurate and truthful at the time of filing, they stand ready to remit any required fee should the Court so order." Dkt. No. 5 at 1. The plaintiffs do not elaborate on how their "circumstances have since changed." Because the plaintiffs state that their motion to proceed without prepaying the filing fee was accurate at the time of filing, the court will not require the plaintiffs to file an amended motion.

The court will grant Nikol Gerou's motion for leave to proceed without prepaying the filing fee. The court advises Nikol, however, that she still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; she still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). Nikol must pay the filing fee over time, as she is able.

**III. Screening**

    A.    <u>Legal Standard</u>

The court next must "screen" the complaint to decide whether the plaintiffs have raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Id.</u>

Although courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. <u>Id.</u> at 663–64.

The plaintiffs did not file a standalone complaint. They filed a document that they call a "motion," asking this Article III court to withdraw the reference from the bankruptcy court. Under 28 U.S.C. §157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." This portion of the statute refers to "permissive withdrawal." The statute does not define "for cause shown," and "[t]he Seventh Circuit has not formulated a test to determine the appropriateness of permissive withdrawal." Charmoli v. Aspen Ins. Co., Case No. 23-cv-321-pp, 2023 WL 3984590, at *2 (E.D. Wis. June 13, 2023) (quoting Herman v. Stetler, 241 B.R. 206, 210 (E.D. Wis. Nov. 18, 1999)). Courts in the Seventh Circuit routinely consider the following factors: "whether the proceeding is core or non-core; judicial economy and convenience; promoting uniformity and efficiency of bankruptcy administration; forum shopping and confusion; conservation of debtor and creditor resources; the court's familiarity with the case; and whether the parties requested a jury trial." Id. (citations omitted).

District courts have "broad discretion in determining whether to withdraw a reference based on cause." In re K&R Express Sys., Inc., 382 B.R. 443, 446 (N.D. Ill. 2007). But "permissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.'" Id. (quoting Xonics v. First Wis. Fin. Corp., 813 F.2d 127, 131 (7th Cir. 1987)). "Application of the ordinary rule prevents withdrawal of the reference from becoming 'an escape hatch from

6

bankruptcy to district court.'" In re Neumann Homes, Inc., 414 B.R. 383, 387 (N.D. Ill. 2009) (quoting Gecker v. Marathon Fin. Ins. Co., Inc., RRG, 391 B.R. 613, 615 (N.D. Ill. 2008)). As the parties seeking withdrawal, it is the plaintiffs' burden to establish that withdrawal is warranted. Kemp v. Nelson, Case No. 16-CV-1546, 2016 WL 7177508, at *1 (E.D. Wis. Dec. 9, 2016).

B.  Analysis

It is not clear which document is the operative pleading in this case. After the plaintiffs filed their motion to withdraw reference, they filed a document titled "Supplemental Notice & Memorandum In Support," dkt. no. 6, and a document titled "Supplemental Response to Objection and Memorandum In Support of Motion to Withdraw The Reference," dkt. no. 7. The court cannot tell whether the plaintiffs intended these documents to amend their motion to withdraw the reference. Plaintiffs may amend a pleading only once as a matter of course (without the court's permission); any further amendments require leave of the court. See Fed. R. Civ. P. 15(a)(1). And under this district's Civil Local Rule 15(a), an amended complaint must be complete in itself; it cannot incorporate or refer the court to a prior pleading. The plaintiffs did not ask the court's permission to amend their motion. The court received both "supplemental" documents on the same day—October 31, 2025—so if the plaintiffs *were* trying to amend their motion, the court cannot determine which document they intended to file first and which they intended to be the operative amendment. But this confusion ultimately does not impact the resolution of

7

the case, because the case has other procedural problems that compel dismissal.

The identities of the parties to the case are not clear. The plaintiffs named the following defendants in their motion to withdraw the reference: Marine Credit Union, the holder of their mortgage; Darrick Weeks, "individually and as CEO of Marine Credit Union;" Ed Zammaron, "individually and as originating agent for Marine Credit Union;" Sam Kaufman, "individually and as legal representative for Marine Credit Union;" Titania Whitten, "individually and as assignee/trustee;" Monica Paz, "individually and as Clerk of Court for Waukesha County;" and John and Jane Does 1-5. Dkt. No. 1 at 1. But their subsequent filings list only Marine Credit Union, Weeks, Zammaron and Kaufman as defendants, dkt. nos. 4, 5, 6, or only Marine Credit Union and Kaufman, dkt. no. 7. That means that the court cannot determine who the plaintiffs intend to sue. Marine Credit Union is the only defendant that is a creditor in the plaintiffs' bankruptcy. The plaintiffs' bankruptcy trustee, Marine Credit Union's employees and legal counsel and the Waukesha County clerk of court are not parties to any adversary proceedings related to the plaintiffs' bankruptcy. Only Marine Credit Union would be a proper defendant in an action seeking to withdraw the reference.

Each document names both Nikol and Kenneth Gerou as plaintiffs, but the motions to withdraw the reference and to proceed without prepaying the filing fee are signed only by Nikol Gerou. Dkt. Nos. 1, 2. Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and other paper

8

must be signed by . . . a party personally if the party is unrepresented." If Kenneth Gerou is a plaintiff, then his failure to sign the motion is a procedural error.

Perhaps the plaintiffs believe that Nikol can represent them both. But it appears that Nikol is not a lawyer. The application to proceed without prepaying the filing fee says that Nikol works at Select Specialty Hospital. Dkt. No. 2 at 1. There is no one by the name of Nikol Gerou listed on the State Bar of Wisconsin's website as being a lawyer licensed in the state of Wisconsin. www.wisbar.org. Federal law does not allow non-attorneys to represent litigants in federal court. Under 28 U.S.C. §1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." See also Georgakis v. Ill. State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself.") (citing 28 U.S.C. §1654). Even a power of attorney does not authorize a non-lawyer to practice law or represent someone in federal court. Johnson v. Bank One N.A., 90 F. App'x 956, 957 (7th Cir. 2004). Because Kenneth Gerou did not sign the motion to withdraw the reference and non-lawyer Nikol Gerou cannot represent him, the proper course would be for the court to dismiss Kenneth as a plaintiff.

Even if the court dismissed Kenneth Gerou, the motion to withdraw the reference and the case itself still are procedurally defective. Although a district judge (an Article III judge) must hear a motion to withdraw the reference, Fed.

9

R. Bankr. P. 5011, a motion to withdraw the reference under 28 U.S.C. §157(d) "must be filed with the Clerk of the Bankruptcy Court," who then "will transmit the motion, all responses to the motion, and all replies to the Clerk of the District Court, who will assign a district court case number to the matter." Local R. 5011 (Bankr. E.D. Wis.). See Fed. R. Bankr. P. 5005(a); 1987 Advisory Committee Note to Fed. R. Bankr. P. 5011(a). This allows all parties to the underlying bankruptcy case to review and respond to the motion to withdraw the reference. It also gives the presiding bankruptcy judge the opportunity to make a report and recommendation to the district judge on a request to withdraw the reference. See Charmoli, 2023 WL 3984590, at *2 (quoting Matter of Vicars Ins. Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996)).

The plaintiffs did not follow this procedure. The plaintiffs filed their motion to withdraw the reference as a new civil case in the district court without first filing the motion in their bankruptcy case. The docket for the plaintiffs' bankruptcy case reflects that on October 3, 2025, the plaintiffs filed a "Notice of Motion to Withdraw the Reference." In re Gerou, *et al.*, Case No. 25-24068, Dkt. No. 79 (Bankr. E.D. Wis.), but they did not file the *motion itself* in their bankruptcy case. And this "notice" does not even refer to this case. The plaintiffs filed the "notice" on the same day they filed a motion to withdraw the reference in a *separate* civil case seeking a writ of mandamus. See Gerou, *et al.* v. George, *et al.*, Case No. 25-cv-1160, Dkt. No. 20 (E.D. Wis.) (filed October 3, 2025). The plaintiffs filed *this* case, seeking withdrawal of the reference, eleven days later, on October 14, 2025. The plaintiffs did not file a motion to withdraw

10

the reference or even another "notice" of motion with the bankruptcy court when they filed this separate case.

Even self-represented litigants must follow the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, this court's local rules and the bankruptcy court's local rules. See Turner v. Cox, 569 F. App'x. 463, 467 (7th Cir. 2014) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)) ("[A] court has discretion to enforce its local rules, even against a pro se litigant."). Because the plaintiffs did not follow the bankruptcy court's procedural rules, the court will deny the plaintiff's motion to withdraw the reference and it will dismiss this case.

Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, amendment would be futile because the plaintiffs did not follow the proper procedure to file the case.

**IV.     Remaining Motions**

    A.    Motion to Strike

On October 31, 2025, the plaintiffs filed a "Motion to Strike Improper Filing of Virginia George and to Bar Further Participation as Non-Party." Dkt. No. 4. They argue that the court should strike Virginia George's objection because "she is not a party to this civil action." Id. The petitioners are correct

that George is not a party to this case. But George has not filed anything in this case. The petitioners seem to think the objection George filed in Case No. 25-cv-1160—their mandamus case—was filed in *this* case seeking withdrawal of the reference. It was not. George's objection was filed in Case No. 25-cv-1160, the case in which she *is* a party and is contesting the separate motion to withdraw the reference the plaintiffs filed in their mandamus case. See <u>Gerou, et al.</u> v. <u>George, et al.</u>, Case No. 25-cv-1160, Dkt. No. 25 (E.D. Wis.). There is nothing for the court to strike, so the court will deny the plaintiff's motion as unnecessary.

B.  <u>Motion for Injunction</u>

On November 25, 2025, the court received from the plaintiffs a one-page document titled "EMERGENCY Temporary Injunctive RELIEF." Dkt. No. 8. The document states that the plaintiffs "are facing [imminent] harm—irreparable harm & loss of our personal property—family home 11-26-25." <u>Id.</u> The plaintiffs ask the court to issue an injunction preventing the sale. <u>Id.</u> The state court docket for the plaintiffs' foreclosure case reflects that a sheriff's sale was scheduled to take place on November 26, 2025. <u>Marine Credit Union v. Gerou, et al.</u>, Waukesha County Case Number 2024CV001592 (available at https://wcca.wicourts.gov/). That date has passed, so the plaintiffs' request for an injunction to prevent the sale now is moot (and the plaintiffs provided the court with no law demonstrating that this federal court had authority to enjoin that sale). The court will deny as moot the plaintiffs' motion for injunctive relief.

## V. Conclusion

The court **GRANTS** the plaintiffs' motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiffs' motion to withdraw the reference. Dkt. No. 1.

The court **DENIES AS UNNECESSARY** the plaintiffs' motion to strike. Dkt. No. 4.

The court **DENIES AS MOOT** the plaintiffs' motion for an injunction. Dkt. No. 8.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 18th day of December, 2025.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge